**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                          |   |                                   |
|--------------------------|---|-----------------------------------|
| CHARLES DARRIAN,         | : | CIVIL ACTION NO. 01-1372 (MLC)    |
|                          | : |                                   |
| Petitioner,              | : | **MEMORANDUM OPINION**            |
|                          | : |                                   |
| v.                       | : |                                   |
|                          | : |                                   |
| ROY HENDRICKS, et al.,   | : |                                   |
|                          | : |                                   |
| Respondents.             | : |                                   |
|                          | : |                                   |

**THE PETITIONER**, Charles Darrian, moves for relief from judgment pursuant to
Federal Rule of Civil Procedure 60(b)(6).  (Dkt. entry no. 19.)  It appears that:

1.      Petitioner, upon a jury trial in New Jersey state court, was found guilty of
murder, felony murder, sexual assault, and possession of a weapon in 1988.  A judgment
of conviction, which was affirmed on direct appeal, was entered in 1989.  But on appeal
from the denial of Petitioner's state motion for post-conviction relief ("PCR"), the New
Jersey Appellate Division remanded the action to the trial court for DNA testing of a
semen sample found on the victim's inner thigh.  In 1996, Petitioner through counsel
obtained advanced DNA testing of the semen sample, which testing purportedly excluded
Petitioner as a source of the semen.  Petitioner moved for a new trial based on this new
DNA testing, but the trial court denied the motion in March 1998, and the Appellate
Division affirmed the trial court's decision on the merits.  The New Jersey Supreme Court

denied certification on March 28, 2000.  Petitioner filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 on or about March 22, 2001.

2. After receipt of the State's answer and a traverse filed by Petitioner's

retained counsel, this Court denied all claims asserted by Petitioner in the § 2254 habeas

petition on February 28, 2002.  (Dkt. entry no. 17.)  As to Petitioner's claim of newly-

discovered DNA evidence, this Court found, based on the relevant state trial court record,

that the new DNA evidence would not have changed the jury's verdict of guilt given the

other overwhelming evidence of Petitioner's guilt.  For instance, the prosecution admitted

at trial that the source of the semen was ambiguous or inconclusive, and could have come

from another source, i.e., the victim's sexual partner.  Defense counsel emphasized this

ambiguity to the jury in closing argument.  This Court also noted the other trial evidence:

> Other evidence considered by the jury indicated petitioner's guilt.  (See RE-15
> at 12-14.)  Three witnesses, including petitioner's sister, testified that they saw
> petitioner with the victim shortly before her murder and that they were
> carrying items from Burger King.  (See id. at 12-13.)  An autopsy revealed that
> the victim had eaten pickles and french fries shortly before her murder, and a
> Burger King straw was found in petitioner's car.  (See id. at 13.)  Petitioner's
> sister further testified that he told her that he had raped the victim and thought
> he might have killed her.  (See id. at 13-14.)  Another witness who had known
> petitioner for several years testified that petitioner had admitted to
> unintentionally killing the victim because of his jealousy.  (See id. at 14.)
> Petitioner's mother testified that petitioner had called her on the morning after
> the murder to ask if the police were looking for him and to ask her to falsely
> tell the police that he had been at home with her the previous night.  (See id.)
> Physical evidence including a fresh fingerprint identified as petitioner's on the
> victim's back door, a strand of the victim's hair found on petitioner's pants, a
> scratch on petitioner's wrist, and a bloody gauze pad in petitioner's car also

linked petitioner to the crime.  (See id. at 13.)  Thus significant evidence of petitioner's guilt was presented to the jury at trial.

Considering the overwhelming evidence weighing against petitioner at trial, petitioner has not shown that it is more likely than not that no reasonable juror would have convicted him had the results of the recent DNA testing been known to him or her.  Petitioner has not demonstrated that he was actually innocent of the crimes charged, nor that the scientific evidence relied on at trial somehow deprived him of due process or his right to a fair trial.

(Dkt. entry no. 17, 2-28-02 Op. at 7-9.)  Petitioner's habeas action was then closed.

3.     On April 14, 2014 — more than twelve years later — Petitioner filed this motion for relief from this Court's denial of his habeas petition.  Petitioner relies on the same DNA evidence excluding him as a source of the semen found on the victim's inner thigh, but now contends that a state court decision, State v. Behn, 375 N.J. Super. 409 (N.J. App. Div. 2005), entitles him to a new trial.  Behn held that defendant was entitled to a new trial based on newly-discovered evidence, specifically a composition bullet lead analysis test that had not been developed and completed before the Behn defendant's trial. Id. at 433.

4.     But before filing this motion in federal court, Petitioner filed a second state PCR petition in July 2004, asserting claims relating to the post-trial DNA testing, which was the subject of Petitioner's federal habeas petition.  The Appellate Division decided Behn while the second PCR motion was pending, which Petitioner analogizes to his own case, and Petitioner moved to amend his second PCR petition to include an argument based on Behn in October 2005.  On January 2, 2007, the trial court dismissed the second

3

PCR petition.  See State v. Darrian, No. A-3211-06T4, 2008 WL 1968823, at *2 (N.J. App. Div. May 8, 2008).  The Appellate Division affirmed the trial court's decision, finding that Petitioner's "restate[d] similar arguments ... already litigated in the extensive state and federal court proceedings" lacked merit.  Id. at *3.  The state court also stated that Petitioner's arguments were:  time-barred under New Jersey Court Rule 3:22-12; barred as previously adjudicated repeatedly in prior proceedings under Rule 3:22-5; and barred — to the extent an "extremely indulgent reading" of his claims might suggest new issues were being raised — under Rule 3:22-4 because there was no justification for Petitioner's failure to raise them earlier.  Id. at *4.  The Appellate Division further commented on Petitioner's argument based on Behn:

> Behn announced no new rule governing a convicted defendant's right to a new trial based on newly discovered evidence.  Rather, Behn simply applied the well-established test of State v. Carter, 85 N.J. 300, 314, 426 A.2d 501 (1981), in finding that, in the context of Behn's trial, the newly-discovered evidence would "probably change the jury's verdict if a new trial were granted."  Carter, supra, 85 N.J. at 314, 426 A.2d 501.  That is exactly the same legal test that the trial court, appellate court, and federal district court have already applied in the present case.  The Carter test is necessarily fact-sensitive and its outcome depends entirely on the unique circumstances of each trial.  We are satisfied that it was applied properly in the prior proceedings in this matter.

> Moreover, the challenged expert testimony in Behn was far more conclusive than that in the present case, in which the State's forensic expert's trial testimony was, at best, equivocal.  We also note that the appeal in Behn was from the denial of defendant's first PCR petition, which the judge evaluated as a motion for a new trial.  Thus, our opinion in Behn was from the first collateral appeal in that case.  By contrast, defendant here has already had an opportunity to litigate the forensic issues, with the assistance of counsel, at the trial, appellate, and federal levels.  These courts, applying the Carter test,

4

found that, based on the strength of the State's other evidence, and on the
equivocal and inconclusive nature of the challenged forensic testimony, the
refutation of that testimony would not have affected the jury's verdict.  There
is no reason to disturb those conclusions here.

Id. at *4-5 (footnote omitted).  Petitioner did not seek certification before the New Jersey

Supreme Court.

5.      After the Appellate Division affirmed the denial of Petitioner's second PCR

petition, Petitioner filed a third PCR petition in state court, which was denied on February

17, 2010.  On June 14, 2011, the Appellate Division affirmed the trial court's denial of

the third PCR petition, finding it "grossly out of time in addition to repeating arguments

previously adjudicated."  State v. Darrian, No. A-4286-09T1, 2011 WL 2341192, at *2

(N.J. App. Div. June 14, 2011).  The New Jersey Supreme Court denied certification on

December 1, 2011.  State v. Darrian, 208 N.J. 600 (2011).  The United States Supreme

Court denied certiorari on April 23, 2012.  Darrian v. New Jersey, 132 S.Ct. 1972 (2012).

6.      Almost two years later, on or about April 14, 2014, Petitioner filed this

motion for relief from judgment.  Under Rule 60(b)(6), "the court may relieve a party ...

from a final judgment, order, or proceeding for the following reasons: ... (6) any other

reason that justifies relief."  Such a motion "must be made within a reasonable time".

Fed.R.Civ.P. 60(c)(1).

7.      Petitioner here reiterates the same arguments on the same issues he has

extensively and repeatedly litigated in state proceedings and in the § 2254 petition denied

by this Court in February 2002.  Moreover, if Petitioner is seeking relief from this Court's

5

February 2002 denial of habeas relief under § 2254, this Court finds that the length of time of more than 12 years before re-litigating the same claims in this purported Rule 60(b)(6) motion is not reasonable under the circumstances.  Even if Petitioner is now moving for relief from the state court denials of his second PCR petition and third PCR petition, more than two years have elapsed since the denial of the third PCR petition became final; that is an unreasonable and lengthy delay without justification.

8.      Furthermore, this Rule 60(b)(6) motion — if intended as a second attempt for habeas review under § 2254 — is impermissible as a second or successive petition. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," also provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."  Thus, a District Court lacks jurisdiction over a second or successive § 2254 petition, absent authorization from the United States Court of Appeals.  See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152 (2007) (holding "because the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

6

9.      Petitioner's request — to the extent that he is renewing a § 2254 habeas petition on the same issue of DNA evidence previously litigated and denied for lack of merit in state and federal proceedings — must be dismissed for lack of subject matter jurisdiction because it is a second or successive habeas petition.  Further, this Court finds that it is not in the interest of justice to transfer this action to the Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631, as Petitioner has failed to allege facts bringing any of the claims within the grounds detailed in § 2244(b) for permitted second or successive claims.  Accordingly, the application will be dismissed as an unauthorized second or successive petition, without prejudice to Petitioner to apply to the Court of Appeals for authorization to file a second or successive petition.

10.      This Court also finds that Petitioner's application for habeas relief couched as a motion for relief from judgment under Rule 60(b)(6) is unreasonably out of time, being filed more than 12 years after this Court issued its ruling on the first § 2254 petition, and more than two years after state collateral review concluded on Petitioner's third PCR petition.  Accordingly, Petitioner's motion is denied with prejudice.

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order and judgment.

  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  November 20, 2014

7