NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES DARRIAN, | : | CIVIL ACTION NO. 01-1372 (MLC) |
| Petitioner, | : | **MEMORANDUM OPINION** |
| v. | : | |
| ROY HENDRICKS, et al., | : | |
| Respondents. | : | |

**COOPER, District Judge**

Petitioner moves for reconsideration of this Court's order entered November 21, 2014. (See dkt. 24; see also dkts. 22 & 23.) This Court will decide the motion without oral argument. See L.Civ.R. 78.1(b). The motion for reconsideration will be denied.

## BACKGROUND

This Petitioner sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in March 2001, challenging his 1988 New Jersey state court judgment of conviction for murder, felony murder, sexual assault, and possession of a weapon. On February 28, 2002, this Court denied all claims in that petition. (See dkt. 17.) This Court found, based on the state trial record, that "newly discovered" DNA evidence would not have changed the jury's verdict of guilt given the overwhelming evidence of Petitioner's guilt, because the prosecution had admitted at trial that the source of the semen was ambiguous or inconclusive, and could have come from another source, i.e., the victim's other sexual partner. (Id. at 5–9.) Petitioner's habeas case was closed accordingly.

Petitioner moved more than twelve years later, on April 14, 2014, for relief from the February 2002 denial of his habeas petition under Federal Rule of Civil Procedure 60(b)(6), relying on the same DNA evidence that might have excluded him as a source of the semen found on the victim's inner thigh. (See dkt. 19.) Petitioner argued that a state court decision, State v. Behn, 375 N.J. Super. 409 (N.J. App.Div. 2005), entitled him to a new trial. The Appellate Division held in Behn that a defendant therein was entitled to a new trial based on newly discovered evidence, namely, a composition bullet lead analysis that had not been developed and completed before trial. Id. at 433.

This Court denied the Rule 60(b)(6) motion on November 21, 2014, stating that the "new" DNA evidence had already been considered and rejected in a second state PCR proceeding. See State v. Darrian, No. A-3211-06T4, 2008 WL 1968823, at *2 (N.J. App.Div. May 8, 2008), certification denied, 196 N.J. 597 (N.J. 2008); see also id. at *3 (stating Petitioner "restate[s] similar arguments that he has already litigated in the extensive state and federal court proceedings" and that were found to be without merit). The Appellate Division stated that Petitioner's arguments were: time-barred under N.J.Ct.R. 3:22-12; barred as previously adjudicated repeatedly in prior proceedings under N.J.Ct.R. 3:22-5; and — to the extent an "extremely indulgent reading" of his claims might suggest new issues were being raised — barred under N.J.Ct.R. 3:22-4 because there was no justification for Petitioner's failure to raise them in earlier proceedings. Id. at *4. Furthermore, this Court noted that Petitioner had filed a third state PCR petition, which was denied on February 17, 2010. On June 14, 2011, the Appellate Division

affirmed the denial of the third PCR petition as being "grossly out of time in addition to repeating arguments previously adjudicated." State v. Darrian, No. A-4286-09T1, 2011 WL 2341192, at *2 (N.J. App.Div. June 14, 2011). The New Jersey Supreme Court denied certification on December 1, 2011. State v. Darrian, 208 N.J. 600 (2011). The United States Supreme Court denied certiorari on April 23, 2012. Darrian v. New Jersey, 132 S.Ct. 1972 (2012).

This Court, in denying the Rule 60(b)(6) motion, found that Petitioner was merely "reiterat[ing] the same arguments on the same issues he has extensively and repeatedly litigated in state proceedings and in the § 2254 petition denied by this Court in February 2002." (Dkt. 22 at 5.) This Court also held that Petitioner's 12-year delay in bringing a Rule 60(b)(6) motion was unreasonable under the circumstances, and that "[e]ven if Petitioner is now moving for relief from the state court denials of his second PCR petition and third PCR petition, more than two years have elapsed since the denial of the third PCR petition became final; that is an unreasonable and lengthy delay without justification." (Id. at 6.)

This Court also held that if Petitioner intended the Rule 60(b)(6) motion to act as another federal habeas petition under Section 2254, then it was impermissible as a second or successive Section 2254 petition and this Court lacked jurisdiction over it absent authorization from the Third Circuit Court of Appeals, which Petitioner did not obtain as required by 28 U.S.C. § 2244(b)(3) and (4). See Burton v. Stewart, 549 U.S. 147, 152 (2007) (holding "because the 2002 petition is a 'second or successive' petition that

Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place"). (Id.)

Petitioner's motion for reconsideration is dated December 8, 2014. (See dkt. 24 at 1 & 3.) Petitioner indicates that he received this Court's denial of his Rule 60(b)(6) motion on December 2, 2014, which is verified by the prison's incoming legal mail receipts attached to his motion papers. Accordingly, this Court will deem the motion for reconsideration to be timely. See L.Civ.R. 7.1(i) (mandating such motions to be filed within 14 days after entry of challenged order).

Petitioner simply rehashes similar arguments he made in his Rule 60(b)(6) motion with regard to Behn and his claim that the DNA results discredit the trial testimony of a pathologist concerning semen found on the victim. (Id.)

## ANALYSIS

A party may seek reconsideration of matters "which the party believes the [Court] has overlooked" when ruling on the previous motion. L.Civ.R. 7.1(i); see NL Indus. v. Commercial Union Ins., 935 F.Supp. 513, 515 (D.N.J. 1996). The standard for reconsideration is high; it is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A court will grant a motion for reconsideration only where a

previous decision has overlooked a factual or legal issue that may alter the disposition of the matter.  See L.Civ.R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F.Supp.2d 610, 612 (D.N.J. 2001).

A motion for reconsideration ordinarily may address only those matters of fact or issues of law that were presented to, but not considered by, a court in the course of reaching a decision.  See SPIRG v. Monsanto Co., 727 F.Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before a court.  Bowers, 130 F.Supp.2d at 613; Resorts Int'l v. Greate Bay Hotel & Casino, 830 F.Supp. 826, 831 (D.N.J. 1992); Egloff v. N.J. Air Nat'l Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence that was not presented when the contested decision was made.  See Resorts Int'l, 830 F.Supp. at 831.  A party seeking to introduce new evidence on reconsideration bears the burden of demonstrating that the evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989).

Local Civil Rule 7.1(i) also does not allow parties to restate arguments already considered by a court.  See G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990).  A difference of opinion with a court's decision should be addressed through the appellate process.  Bowers, 130 F.Supp.2d at 612; see Chicosky v. Presbyterian Med. Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL Indus., 935 F.Supp. at 516 ("Reconsideration motions ... may not be used to relitigate old matters, or to raise arguments or present

5

evidence that could have been raised prior to the entry of judgment."). Thus, a motion for reconsideration does not provide parties with an opportunity for a second bite at the apple. See Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 532 (D.N.J. 1998).

Petitioner here does not allege that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for this Court to entertain the motion for reconsideration. Instead, Petitioner raises the same arguments posited in his Rule 60(b)(6) motion, his § 2254 petition, and the prior state court proceedings, all of which resulted in holdings that the "new" DNA evidence would not have changed the jury's verdict of guilt due to the other overwhelming evidence of Petitioner's guilt at trial. Petitioner has not presented this Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Petitioner should pursue his disagreement with this Court's decision through the appellate process.

## CONCLUSION

The Court will deny Petitioner's motion for reconsideration as being without merit. The Court will issue an appropriate order.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated: May 6, 2015